UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH ANTWAN ARTIS,

        Plaintiff,                                 Hon. Jane M. Beckering

v.                                                     Case No. 1:25-CV-999

ENTERPRISE HOLDINGS, INC., et al.,

        Defendants.
_____/

## OPINION

Plaintiff initiated this action against Enterprise Holdings, Inc. and one of its employees, Christian Flombacher. (ECF No. 1). Because Plaintiff has been permitted to proceed as a pauper, (ECF No. 5), the Court has reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. For the reasons articulated herein, Plaintiff's complaint will be dismissed.

## ANALYSIS

A claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). As the Supreme Court has held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S.

662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief."

*Id.* at 678–79 (internal citations omitted).

    **I.**    **Factual Allegations**

In his complaint, Plaintiff alleges the following. On or about February 17, 2025, a "vehicle was rented [from Enterprise] under Plaintiff's name with an incorrect driver's license number." Enterprise failed to properly verify the identity of the person renting their vehicle. Enterprise later "referred Plaintiff to law enforcement despite knowing

the driver's license information did not match."[1]  Plaintiff was later arrested by the Grand Rapids Police Department and charged with an unspecified crime.  The charges against Plaintiff, however, were subsequently dismissed for "lack of evidence."  Plaintiff alleges that his federal rights were violated by his unlawful arrest and detention without probable cause.  Plaintiff further alleges that Defendants maliciously prosecuted him in violation of his federal rights.  Plaintiff also asserts several state law tort claims.

**II.    State Action**

Plaintiff initiated this action pursuant to 42 U.S.C. § 1983, alleging that his federal rights were violated.  Section 1983 authorizes a plaintiff to initiate a civil action against any person who violates his federal rights under color of state law.  *See* 42 U.S.C. § 1983.  In other words, a § 1983 action can only be asserted against an individual or entity properly characterized as a "state actor."  *See Thomas v. Nationwide Children's Hospital*, 882 F.3d 608, 612-14 (6th Cir. 2018).

While Defendants are private actors, the actions of private individuals and entities can constitute state action where their conduct "is fairly attributable to the state."  *Lindsey v. Detroit Entertainment, LLC*, 484 F.3d 824, 827 (6th Cir. 2007).  The Sixth Circuit has articulated three separate tests for determining whether conduct taken by a private party constitutes state action: (1) the public function test; (2) the state

---

[1] While not directly stated in this Complaint, the implication is that the rental car in question was not returned to Enterprise.  This implication is supported by the fact that in a separate case filed the same day, Plaintiff expressly asserts that such was the case. *See Artis v. Baylis*, case no. 1:25-cv-998, ECF No. 1 (W.D. Mich).

compulsion test; and (3) the symbiotic relationship or nexus test. *Id.* at 827-28. Plaintiff's allegations, even if taken as true, fail to satisfy any of these standards.

The public function test is satisfied where a private party exercises "powers traditionally exclusively reserved to the State." *Id.* at 828. This is a "relatively stiff test" and conclusions "couched as a factual allegation" are insufficient. *Marie v. American Red Cross*, 771 F.3d 344, 362 (6th Cir. 2014). The state compulsion test is satisfied where the state exercises "such coercive power or provide[s] such significant encouragement, either overt or covert, that in law the choice of the private actor is deemed to be that of the state." *Johnson v. Tyson Foods, Inc.*, 607 F.Supp.3d 790, 801 (W.D. Tenn. 2022). The nexus test is satisfied where there exists "a sufficiently close nexus" between the state and the private party that "the action of the latter may be fairly treated as that of the state itself." This test requires "substantial" ties between the state and the private party. *Id.* Plaintiff's allegations fall well short of satisfying any of these standards. Accordingly, Plaintiff's federal law claims must be dismissed for failure to state a claim.

### III. State Law Claims

As noted above, Plaintiff asserts several state law claims against Defendants. Pursuant to 28 U.S.C. § 1367(c)(3), the district court may decline to exercise supplemental jurisdiction over a state law claim if it "has dismissed all claims over which it has original jurisdiction." Indeed, "if the federal claims are dismissed before trial. . .the state claims should be dismissed as well." *Taylor v. First of America Bank–Wayne*, 973 F.2d 1284, 1287 (6th Cir. 1992) (quoting *United Mine Workers v. Gibbs*, 383 U.S.

4

715, 726 (1966)); *see also Bah v. Attorney General of the State of Tennessee*, 610 Fed. Appx. 547, 555 (6th Cir., May 8, 2015) (same). As discussed above, Plaintiff's federal law claims must be dismissed. Accordingly, the Court declines to exercise jurisdiction over Plaintiff's state law claims and instead dismisses such without prejudice so that Plaintiff may pursue them in the appropriate state forum.

## CONCLUSION

For the reasons discussed herein, the Court dismisses the federal law claims in Plaintiff's complaint for failure to state a claim on which relief may be granted. The Court likewise dismisses Plaintiff's state law claims without prejudice. The Court further finds that an appeal of this determination would not be in good faith. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). An Order consistent with this Opinion will enter.

Dated: October 15, 2025                   /s/ Jane M. Beckering
                                                                 JANE M. BECKERING
                                                                 United States District Judge